IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COLLEEN M. KROM,

   *Plaintiff,*

vs.

   Case No. 12-2499-EFM-JPO

BRAUM'S, INC.,

   *Defendant.*

**MEMORANDUM AND ORDER**

   Plaintiff Colleen Krom filed this suit against Defendant Braum's, Inc., alleging that she slipped and fell at Defendant's restaurant in Great Bend, Kansas, as a result of Defendant's negligence. Before the Court is Defendant's Motion for Summary Judgment (Doc. 41). Defendant argues that it is not liable for Plaintiff's injuries because the "slight defect rule" under Kansas law bars Plaintiff's claim. The Court agrees with Defendant, and for the following reasons, the Court grants Defendant's motion.

   **I.  Factual and Procedural Background**[1]

   On October 20, 2010, Plaintiff entered the parking lot of Defendant's restaurant in Great Bend, Kansas. Plaintiff exited her vehicle, intending to enter the restaurant as a customer and purchase food. To enter the restaurant, Plaintiff walked on a walkway consisting of a concrete

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

path that connected with brick tiles or pavers. As Plaintiff was walking along that walkway, she tripped and fell, resulting in a fractured hip that required surgery to repair. At the time of Plaintiff's fall, the walkway was clean and dry, and there was no dirt, grease, or other substance covering it.

Plaintiff alleges that she fell because of a lip between the concrete and brick pavers on the walkway in front of Defendant's restaurant. Plaintiff estimates that the lip between the cement and brick pavers is one-half inch in height. At her deposition, Plaintiff testified that she saw the brick pavers when she got out of her car and stepped onto the cement. She also testified that there was nothing obstructing her view that day from the time she stepped onto the cement portion of the walkway until the time she fell.

Plaintiff filed this suit on August 2, 2012, alleging that Defendant is negligent for failing to maintain a safe entrance walking area, failing to repair an uneven, eroding walkway, and failing to warn Plaintiff of the dangerous condition. Defendant now moves for summary judgment on Plaintiff's claim.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[2] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[3] The movant bears the initial burden of proof, and must show the lack of evidence on an essential

---

[2] Fed. R. Civ. P. 56(c).

[3] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

element of the claim.[4] If the movant carries this initial burden, the nonmovant that bears the burden of persuasion at trial may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[5] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[6] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[7]

### III. Analysis

To succeed on a personal injury action based on negligence, a plaintiff must prove: "the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered."[8] Negligence cases typically present factual determinations for a jury, not legal questions for the court.[9] However, questions regarding the existence of the duty element are purely legal determinations.[10] Therefore, if a court concludes that a defendant did not have a duty to act in a certain manner toward the plaintiff, then the defendant cannot be liable, and the court may properly grant summary judgment in the defendant's favor.[11]

---

[4] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[5] *Id.* (citing Fed. R. Civ. P. 56(e)).

[6] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[7] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[8] *Nero v. Kan. State Univ.*, 253 Kan. 567, 571, 861 P.2d 768, 772 (1993) (citation omitted).

[9] *Deal v. Bowman*, 286 Kan. 853, 859, 188 P.3d 941, 946 (2008).

[10] *Nero*, 253 Kan. at 571, 861 P.2d at 772 (citation omitted).

[11] *Line v. Sears & Roebuck & Co.*, 2011 WL 4348312, at *2 (D. Kan. Sept. 16, 2011) (citation omitted).

Defendant contends that the Court should grant summary judgment in its favor because the "slight defect rule" under Kansas law bars Plaintiff's claim. The slight defect rule is a judicially created rule "that negates the existence of a duty that might otherwise exist."[12] Under the rule, "slight variances in the level of sidewalk surfaces, whether caused by projections, depressions or otherwise, are not sufficient to establish actionable negligence in the construction or maintenance of the sidewalk."[13] Although the Kansas Supreme Court initially applied the rule in a municipal liability case, it has since stated that the rule applies equally in actions involving individuals or private corporations.[14] The Kansas Court of Appeals reinforced this principle in *Barnett-Holdgraf v. Mutual Life Insurance Co. of New York*,[15] when it held that the rule applied to a private sidewalk running between two privately-owned commercial office buildings.[16]

### A. The Slight Defect Rule is Applicable to the Walkway at Issue in This Case.

Plaintiff contends that the slight defect rule is inapplicable in this case because the area at issue is a "walkway," and not a "sidewalk," and because the rule only applies to sidewalks that run alongside a road and are "open to the public."[17] Plaintiff's argument rests primarily on the Kansas Supreme Court's decision in *Elstun v. Spangles*.[18] In that case, the court affirmed the Kansas Court of Appeal's ruling that the slight defect rule did not apply to defects in parking

---

[12] *Id*. at *3 (citations omitted).

[13] *Sepulveda v. Duckwall-Alco Stores, Inc*., 238 Kan. 35, 38, 708 P.2d 171, 173 (1985).

[14] *Id*.

[15] 27 Kan. App. 2d 267, 3 P.3d 89 (2000).

[16] *See id*. at 270, 3 P.3d at 92 ("The principles of the slight defect rule set forth in *Ford* . . . apply equally to the case of a private sidewalk.").

[17] Plaintiff's Response to Defendant's Motion for Summary Judgment, Doc. 44, p. 4.

[18] 289 Kan. 754, 217 P.3d 450 (2009).

lots.[19] Citing the Court of Appeals opinion, the Kansas Supreme Court noted three main differences between sidewalks and parking lots that demonstrated why the slight defect rule should not be applied to parking lots:

> (1) Sidewalks are built for foot traffic, while parking lots are built to withstand both human traffic and heavy motor vehicles; (2) sidewalks are usually made of several concrete slabs or bricks, while parking lots are built to withstand both human traffic and heavy motor vehicles; and (3) sidewalks are generally open to the public, while parking lots are often open only to customers.[20]

Plaintiff argues that because the walkway at issue abuts Defendant's parking lot, is located close to the entrance of the store, and is used primarily by Defendant's customers, the Court should apply the same rationale in this case and decline to apply the slight defect rule to Plaintiff's claim. The Court disagrees.

The Kansas Supreme Court's decision in *Elstun* is limited to its holding that the slight defect rule does not apply to defects in parking lots. Plaintiff's argument focuses only on the court's finding that sidewalks are generally open to the public while parking lots are open only to customers. This argument ignores the two other differences between parking lots and sidewalks the court relied on when making its decision, neither of which is applicable here. Therefore, the *Elstun* decision is not relevant to this case.

Furthermore, neither the Kansas courts nor the District of Kansas have limited the application of the slight defect rule to sidewalks that abut a public roadway or are only open to the public.[21] Indeed, this Court has applied the rule to sidewalks located in front of or adjacent to

---

[19] *Id.* at 760, 217 P.3d at 455.

[20] *Id.* at 759, 217 P.3d at 454-55.

[21] *See, e.g., Barnett-Holdgraf*, 27 Kan. App. 2d at 270, 3 P.3d at 92 (holding that the slight defect rule applied to a privately-owned sidewalk).

-5-

a storefront and that do not run along a public road. For example, in *Denner v. N-F Properties, Inc.*,[22] the Court applied the slight defect rule when a woman fell on a sidewalk between where she parked her car and the entrance to a grocery store.[23] And, in *Line v. Sears and Roebuck and Co.*,[24] the Court applied the slight defect rule where a woman fell on a sidewalk adjacent to a retail store.[25] Plaintiff attempts to distinguish the area at issue in this case by labeling it a "walkway," instead of a "sidewalk." The Court, however, does not see a distinction between the area at issue here and the sidewalks at issue in *Denner* and *Line*. All three sidewalks/walkways were located on private property, not along a public road, and the defects occurred near the entrance of the store. Therefore, regardless of whether Plaintiff labels the area at issue a "walkway" or a "sidewalk," the Court finds that the slight defect rule is applicable in this case.

Plaintiff also asserts that the slight defect rule is inapplicable because Defendant negligently created the small lip on the walkway causing her to fall. In support of her argument, Plaintiff cites an exception to the slight defect rule, which provides that the rule cannot be applied in cases "where the irregularity in the sidewalk is created by the negligent acts of the party against whom recovery is sought."[26] Plaintiff, however, did not raise this factual issue in the pretrial order and thus is barred from raising the issue at this stage of the litigation.[27] She

---

[22] 1995 WL 333128 (D. Kan. May 22, 1995).

[23] *Id*. at *8.

[24] 2011 WL 4348312.

[25] *Id*. at *4.

[26] *Line*, 2011 WL 4348312, at *3 (citing *Barnett-Holdraf*, 27 Kan. App. 2d at 270, 3 P.3d at 92).

[27] *See Case v. Abrams*, 352 F.2d 193, 195-96 (10th Cir. 1965) (finding that a "definitive pretrial order reflecting the agreement of the parties , having been entered into after full discovery must, of course, control the subsequent course of the action," and after the issues are defined in a pretrial order "they ought to be adhered to").

also failed to provide any evidence in support of her assertion in violation of Fed. R. Civ. P. 56(c).[28] Therefore, this argument does not bar application of the slight defect rule to Plaintiff's claim.

      **B.    The Slight Defect Rule Bars Plaintiff's Claim.**

A court may decide as a matter of law whether the slight defect rule bars a plaintiff's claim.[29] "Courts generally rely on the well-established rule that a sidewalk defect is actionable, that is, it is presents a jury question, only when the defect is such that a reasonably prudent person should anticipate some danger to persons walking on it."[30] "[E]ach case must be determined on its own facts."[31]

Defendant has presented evidence that the lip between the cement and brick pavers on Defendant's walkway is one-half inch. The Court finds that this height variation is not of such magnitude that a reasonably prudent person should have anticipated some danger while walking on it. This finding is in accord with several Kansas cases that have applied the slight defect rule to defects larger than that presented here.[32] Therefore, the Court finds that the one-half inch lip in Defendant's walkway is a slight defect as a matter of law. Defendant owed Plaintiff no duty

---

[28]    *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . .").

[29]    *Line*, 2011 WL 4348312, at *4 (citing *Barnett-Holdgraf*, 27 Kan. App. 2d at 273, 3.P.3d at 93).

[30]    *Id.*

[31]    *Id.*

[32]    *See, e.g., Blankenship v. Kansas City*, 156 Kan. 607, 612-13, 135 P.2d 538, 541-42 (1943) (holding that a defect of missing bricks leaving a depression two inches deep was a slight defect); *Taggart v. Kansas City*, 156 Kan. 478, 482, 134 P.2d 417, 419 (1943) (holding that a three inch "step-down" between sidewalk slabs was a slight defect); *Barnett-Holdgraf*, 27 Kan. App. 2d at 274-75, 3 P.3d at 94 (holding that hole in concrete from one to three inches deep was covered under the slight defect rule).

to warn her of the height variation in the walkway or protect her from it. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Defendant Braum's Inc.'s Motion for Summary Judgment (Doc. 41) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 10th day of April, 2014.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE